## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JOHN PIEPER,

                Plaintiff,

    vs.

THE ROMAN CATHOLIC CHURCH,
THE VATICAN POPE (FRANCIS), and
AN OFFICIAL CARDINAL, app. by the
Vatican in Nebraska;

                Defendants.

**4:20CV3085**


**MEMORANDUM
AND ORDER**

---

The court has granted Plaintiff, a prisoner, permission to proceed in forma pauperis (Filing 10). The court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

In a Complaint (Filing 1), an unauthorized Amended Complaint (Filing 11), and other documents entitled "Redress" (Filing 2) and Brief (Filing 3) filled with what is represented to be citations to the Bible, Plaintiff purports to sue the Roman Catholic Church, Pope Francis, "an official cardinal" appointed by "the Vatican in Nebraska," and "All Churches with the Bible" for $4,256,971,000. (Filing 1 at CM/ECF pp. 1, 6.) Plaintiff claims that our state and country should not spend public money or use the Roman Catholic Church (a "harlot") and the Bible "in any public matter" because they promote slavery, rape, murder, and fraud. Plaintiff further alleges that the Establishment Clause protects the "disease of evil organizations."

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's Complaint fails to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).

A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint contains no factually or legally cognizable claims and can be characterized as "clearly baseless," "fanciful," "fantastic," and "delusional," making Plaintiff's claims frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Plaintiff also fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e) and 1915A. Therefore, Plaintiff's Complaint will be dismissed.[1] Accordingly,

IT IS ORDERED:

1.    This case is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

2.    Judgment shall be entered by separate document.

DATED this 22nd day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[1] Leave to amend Plaintiff's Complaint will not be granted as futile. *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (leave to amend may be denied when amendment would be futile); *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure").